OSCN Found Document:IN RE OKLAHOMA RULES OF PROFESSIONAL CONDUCT

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE OKLAHOMA RULES OF PROFESSIONAL CONDUCT
2016 OK 91
Case Number: SCBD-3490
Decided: 09/19/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 91, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: OKLAHOMA RULES OF PROFESSIONAL CONDUCT
(5 O.S. 2011, ch. 1, app. 3-A)

ORDER GRANTING AMENDMENT TO 
RULES OF PROFESSIONAL CONDUCT

¶1 This matter comes on before this Court upon the Application of the Board of Governors of the Oklahoma Bar Association to amend Rule 1.0-Terminology; 1.1-Competence; 1.4-Communication; 1.6-Confidentiality of Information; and 4.4-Respect for Rights of Third Persons of the Rules of Professional Conduct, 5 O.S. 2011, ch. 1, app. 3-A as proposed and set out in Exhibit "A" attached hereto. This Court finds that it has jurisdiction over this matter, and that the Application should be granted.

¶2 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Application to Amend Rules 1.0, 1.1, 1.4, 1.6 and 4.4 of the Rules of Professional Conduct, 5 O.S. 2011, ch. 1, app. 3-A, is granted. Rules 1.0, 1.1, 1.4, 1.6 and 4.4 of the Rules of Professional Conduct, 5 O.S. 2011, ch. 1, app. 3-A are hereby amended as set out in Exhibit "A" attached hereto, effective immediately. The Rules as amended are also attached. In all other respects, the language of these Rules shall remain unchanged.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 19th day of September, 2016.

/S/VICE CHIEF JUSTICE

Reif, C.J., Combs, V.C.J., Kauger, Winchester, Taylor, Colbert and Gurich, JJ., concur;

Watt and Edmondson, JJ., not voting.

 

 

EXHIBIT "A"

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Rule 1.0. Terminology

(a) "Belief" or "Believes" denotes that the person involved actually supposed the fact in question to be true. A person's belief may be inferred from circumstances.

(b) "Confirmed in writing," when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent. See paragraph (e) for the definition of "informed consent." If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

(c) "Firm" or "Law firm" denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization.

(d) "Fraud" or "Fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive.

(e) "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

(f) "Knowingly," "Known," or "Knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

(g) "Partner" denotes a member of a partnership, a shareholder in a law firm organized as a professional corporation, or a member of an association authorized to practice law.

(h) "Reasonable" or "Reasonably" when used in relation to conduct by a lawyer denotes the conduct of a reasonably prudent and competent lawyer.

(i) "Reasonable belief" or "Reasonably believes" when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

(j) "Reasonably should know" when used in reference to a lawyer denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

(k) "Screened" denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

(l) "Substantial" when used in reference to degree or extent denotes a material matter of clear and weighty importance.

(m) "Tribunal" denotes a court, an arbitrator in a binding arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.

(n) "Writing" or "written" denotes a tangible or electronic record of a communication or representation, including handwriting, typewriting, printing, photostating, photography, audio or video recording and e-mail electronic communications. A "signed" writing includes an electronic sound, symbol or process attached to or logically associated with a writing and executed or adopted by a person with the intent to sign the writing.

Comment
Confirmed in Writing

[1] If it is not feasible to obtain or transmit a written confirmation at the time the client gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter. If a lawyer has obtained a client's informed consent, the lawyer may act in reliance on that consent so long as it is confirmed in writing within a reasonable time thereafter.

Firm
[2] Whether two or more lawyers constitute a firm within paragraph (c) can depend on the specific facts. For example, two practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a firm. However, if they present themselves to the public in a way that suggests that they are a firm or conduct themselves as a firm, they should be regarded as a firm for purposes of the Rules. The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm, as is the fact that they have mutual access to information concerning the clients they serve. Furthermore, it is relevant in doubtful cases to consider the underlying purpose of the Rule that is involved. A group of lawyers could be regarded as a firm for purposes of the Rule that the same lawyer should not represent opposing parties in litigation, while it might not be so regarded for purposes of the Rule that information acquired by one lawyer is attributed to another.

[3] With respect to the law department of an organization, including the government, there is ordinarily no question that the members of the department constitute a firm within the meaning of the Rules of Professional Conduct. There can be uncertainty, however, as to the identity of the client. For example, it may not be clear whether the law department of a corporation represents a subsidiary or an affiliated corporation, as well as the corporation by which the members of the department are directly employed. A similar question can arise concerning an unincorporated association and its local affiliates.

[4] Similar questions can also arise with respect to lawyers in legal aid and legal services organizations. Depending upon the structure of the organization, the entire organization or different components of it may constitute a firm or firms for purposes of these Rules.

Fraud
[5] When used in these Rules, the terms "fraud" or "fraudulent" refer to conduct that is characterized as such under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive. This does not include merely negligent misrepresentation or negligent failure to apprise another of relevant information. For purposes of these Rules, it is not necessary that anyone has suffered damages or relied on the misrepresentation or failure to inform.

Informed Consent

[6] Many of the Rules of Professional Conduct require the lawyer to obtain the informed consent of a client or other person (e.g., a former client or, under certain circumstances, a prospective client) before accepting or continuing representation or pursuing a course of conduct. See, e.g., Rules 1.2(c), 1.6(a) and 1.7(b). The communication necessary to obtain such consent will vary according to the Rule involved and the circumstances giving rise to the need to obtain informed consent. The lawyer must make reasonable efforts to ensure that the client or other person possesses information reasonably adequate to make an informed decision. Ordinarily, this will require communication that includes a disclosure of the facts and circumstances giving rise to the situation, any explanation reasonably necessary to inform the client or other person of the material advantages and disadvantages of the proposed course of conduct and a discussion of the client's or other person's options and alternatives. In some circumstances it may be appropriate for a lawyer to advise a client or other person to seek the advice of other counsel. A lawyer need not inform a client or other person of facts or implications already known to the client or other person; nevertheless, a lawyer who does not personally inform the client or other person assumes the risk that the client or other person is inadequately informed and the consent is invalid. In determining whether the information and explanation provided are reasonably adequate, relevant factors include whether the client or other person is experienced in legal matters generally and in making decisions of the type involved, and whether the client or other person is independently represented by other counsel in giving the consent. Normally, such persons need less information and explanation than others, and generally a client or other person who is independently represented by other counsel in giving the consent should be assumed to have given informed consent.

[7] Obtaining informed consent will usually require an affirmative response by the client or other person. In general, a lawyer may not assume consent from a client's or other person's silence. Consent may be inferred, however, from the conduct of a client or other person who has reasonably adequate information about the matter. A number of Rules require that a person's consent be confirmed in writing. See Rules 1.7(b) and 1.9(a). For a definition of "writing" and "confirmed in writing," see paragraphs (n) and (b). Other Rules require that a client's consent be obtained in a writing signed by the client. See, e.g., Rules 1.8(a) and (g). For a definition of "signed," see paragraph (n).

Screened

[8] This definition applies to situations where screening of a personally disqualified lawyer is permitted to remove imputation of a conflict of interest under Rules 1.11, 1.12 or 1.18.

[9] The purpose of screening is to assure the affected parties that confidential information known by the personally disqualified lawyer remains protected. The personally disqualified lawyer should acknowledge the obligation not to communicate with any of the other lawyers in the firm with respect to the matter. Similarly, other lawyers in the firm who are working on the matter should be informed that the screening is in place and that they may not communicate with the personally disqualified lawyer with respect to the matter. Additional screening measures that are appropriate for the particular matter will depend on the circumstances. To implement, reinforce and remind all affected lawyers of the presence of the screening, it may be appropriate for the firm to undertake such procedures as a written undertaking by the screened lawyer to avoid any communication with other firm personnel and any contact with any firm files or other materials information, including information in electronic form, relating to the matter, written notice and instructions to all other firm personnel forbidding any communication with the screened lawyer relating to the matter, denial of access by the screened lawyer to firm files or other materials information, including information in electronic form, relating to the matter, and periodic reminders of the screen to the screened lawyer and all other firm personnel.

[10] In order to be effective, screening measures must be implemented as soon as practical after a lawyer or law firm knows or reasonably should know that there is a need for screening.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Client-Lawyer Relationship
Rule 1.1. Competence.

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

Comments

Legal Knowledge and Skill.

[1] In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question. In many instances, the required proficiency is that of a general practitioner. Expertise in a particular field of law may be required in some circumstances.

[2] A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar. A newly admitted lawyer can be as competent as a practitioner with long experience. Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems. Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge. A lawyer can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through the association of a lawyer of established competence in the field in question.

[3] In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or consultation or association with another lawyer would be impractical. Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill-considered action under emergency conditions can jeopardize the client's interest.

[4] A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation. This applies as well to a lawyer who is appointed as counsel for an unrepresented person. See also Rule 6.2.

Thoroughness and Preparation. 

[5] Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence. An agreement between the lawyer and the client regarding the scope of the representation may limit the matters for which the lawyer is responsible. See Rule 1.2(c).

Maintaining Competence.

[6] To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education and comply with all continuing legal education requirements to which the lawyer is subject, including the benefits and risks associated with relevant technology.

 

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Client-Lawyer Relationship
Rule 1.4. Communication

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Comment
[1] Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation.

Communicating with Client

[2] If these Rules require that a particular decision about the representation be made by the client, paragraph (a)(1) requires that the lawyer promptly consult with and secure the client's consent prior to taking action unless prior discussions with the client have resolved what action the client wants the lawyer to take. For example, a lawyer who receives from opposing counsel an offer of settlement in a civil controversy or a proffered plea bargain in a criminal case must promptly inform the client of its substance unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer. See Rule 1.2(a).

[3] Paragraph (a)(2) requires the lawyer to reasonably consult with the client about the means to be used to accomplish the client's objectives. In some situations -- depending on both the importance of the action under consideration and the feasibility of consulting with the client -- this duty will require consultation prior to taking action. In other circumstances, such as during a trial when an immediate decision must be made, the exigency of the situation may require the lawyer to act without prior consultation. In such cases the lawyer must nonetheless act reasonably to inform the client of actions the lawyer has taken on the client's behalf. Additionally, paragraph (a)(3) requires that the lawyer keep the client reasonably informed about the status of the matter, such as significant developments affecting the timing or the substance of the representation.

[4] A lawyer's regular communication with clients will minimize the occasions on which a client will need to request information concerning the representation. When a client makes a reasonable request for information, however, paragraph (a)(4) requires prompt compliance with the request, or if a prompt response is not feasible, that the lawyer, or a member of the lawyer's staff, acknowledge receipt of the request and advise the client when a response may be expected. Client telephone calls should be promptly returned or acknowledged. A lawyer should promptly respond to or acknowledge client communications.

Explaining Matters

[5] The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so. Adequacy of communication depends in part on the kind of advice or assistance that is involved. For example, when there is time to explain a proposal made in a negotiation, the lawyer should review all important provisions with the client before proceeding to an agreement. In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that are likely to result in significant expense or to injure or coerce others. On the other hand, a lawyer ordinarily will not be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interests, and the client's overall requirements as to the character of representation. In certain circumstances, such as when a lawyer asks a client to consent to a representation affected by a conflict of interest, the client must give informed consent, as defined in Rule 1.0(e).

[6] Ordinarily, the information to be provided is that appropriate for a client who is a comprehending and responsible adult. However, fully informing the client according to this standard may be impracticable, for example, where the client is a child or suffers from diminished capacity. See Rule 1.14. When the client is an organization or group, it is often impossible or inappropriate to inform every one of its members about its legal affairs; ordinarily, the lawyer should address communications to the appropriate officials of the organization. See Rule 1.13. Where many routine matters are involved, a system of limited or occasional reporting may be arranged with the client.

Withholding Information 

[7] In some circumstances, a lawyer may be justified in delaying transmission of information when the client would be likely to react imprudently to an immediate communication. Thus, a lawyer might withhold a psychiatric diagnosis of a client when the examining psychiatrist indicates that disclosure would harm the client. A lawyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person. Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Rule 3.4(c) directs compliance with such rules or orders.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Client-Lawyer Relationship
Rule 1.6. Confidentiality of Information

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;
(2) to prevent the client from committing:

(i) a crime; or
(ii) a fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;

(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services, provided that the lawyer has first made reasonable efforts to contact the client so that the client can rectify such criminal or fraudulent act, but the lawyer has been unable to do so, or the lawyer has contacted the client and called upon the client to rectify such criminal or fraudulent act and the client has refused or has been unable to do so;

(4) to secure legal advice about the lawyer's compliance with these Rules;

(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(6) as permitted or required to comply with these Rules, other law or a court order.

(c ) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

Comment
[1] This Rule governs the disclosure by a lawyer of information relating to the representation of a client during the lawyer's representation of the client. See Rule 1.18 for the lawyer's duties with respect to information provided to the lawyer by a prospective client, Rule 1.9(c)(2) for the lawyer's duty to not reveal information relating to the lawyer's prior representation of a former client and Rules 1.8(b) and 1.9(c)(1) for the lawyer's duties with respect to the use of such information to the disadvantage of clients and former clients.

[2] A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation. See Rule 1.0(e) for the definition of informed consent. This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex maze of law and regulations deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld.

[3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.

[4] Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person. A lawyer's use of a hypothetical to discuss issues relating to the representation is permissible so long as there is no reasonable likelihood that the listener will be able to ascertain the identity of the client or the situation involved.

[4A] The requirement of maintaining confidentiality of information relating to representation applies to government lawyers who may disagree with the policy goals that their representation is designed to advance.

Authorized Disclosure

[5] Except to the extent that the client's instructions or special circumstances limit the authority, a lawyer is impliedly authorized to make disclosures about a client when appropriate in carrying out the representation. In some situations, for example, a lawyer may be impliedly authorized to admit a fact that cannot properly be disputed or to make, a disclosure that facilitates a satisfactory conclusion to a matter. Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers.

Disclosure Adverse to Client 

[6] Although the public interest is usually best served by a strict rule requiring lawyers to preserve the confidentiality of information relating to the representation of their clients, the confidentiality rule is subject to limited exceptions. Paragraph (b)(1) recognizes the overriding value of life and physical integrity and permits disclosure reasonably necessary to prevent reasonably certain death or substantial bodily harm. Such harm is reasonably certain to occur if it will be suffered imminently or if there is a present and substantial threat that a person will suffer such harm at a later date if the lawyer fails to take action necessary to eliminate the threat. Thus, a lawyer who knows that a client has accidentally discharged toxic waste into a town's water supply may reveal this information to the authorities if there is a present and substantial risk that a person who drinks the water will contract a life-threatening disease or debilitating disease and the lawyer's disclosure is necessary to eliminate the threat or reduce the number of victims.

[7] Paragraph (b)(2) is a limited exception to the rule of confidentiality that permits the lawyer to reveal information to the extent necessary to enable affected persons or appropriate authorities to prevent the client from committing any crime, or a fraud as defined in Rule 1.0(d) that is reasonably certain to result in substantial injury to the financial or property interests of another and in furtherance of which the client has used or is using the lawyer's services. Such a serious abuse of the client-lawyer relationship by the client forfeits the protection of this Rule. The client can, of course, prevent such disclosure by refraining from the wrongful conduct. Although paragraph (b)(2) does not require the lawyer to reveal the client's misconduct, the lawyer may not counsel or assist the client in conduct the lawyer knows is criminal or fraudulent. See Rule 1.2(d). See also Rule 1.16 with respect to the lawyer's obligation or right to withdraw from the representation of the client in such circumstances, and Rule 1.13(c), which permits the lawyer, where the client is an organization, to reveal information relating to the representation in limited circumstances.

[8] Paragraph (b)(3) addresses the situation in which the lawyer does not learn of the client's crime or fraud until after it has been consummated. Although the client no longer has the option of preventing disclosure by refraining from the wrongful conduct, there will be situations in which the loss suffered by the affected person can be prevented, rectified or mitigated. In such situations, the lawyer may disclose information relating to the representation to the extent necessary to enable the affected persons to prevent or mitigate reasonably certain losses or to attempt to recoup their losses. Paragraph (b)(3) does not apply when a person who has committed a crime or fraud thereafter employs a lawyer for representation concerning that offense.

[8A] Before using or disclosing confidential information under paragraph (b)(3), the lawyer should, if practicable, inform the client of the lawyer's ability to use or disclose information as provided in this Rule and the consequences thereof. The exercise of the lawyer's discretion should be guided by the potential for rectification of the consequences of the client's criminal or fraudulent conduct, and not considerations relating to the lawyer's personal interests or professional reputation.

[9] A lawyer's confidentiality obligations do not preclude a lawyer from securing confidential legal advice about the lawyer's personal responsibility to comply with these Rules. In most situations, disclosing information to secure such advice will be impliedly authorized for the lawyer to carry out the representation. Even when the disclosure is not impliedly authorized, paragraph (b)(4) permits such disclosure because of the importance of a lawyer's compliance with the Rules of Professional Conduct.

[10] Where a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client. Such a charge can arise in a civil, criminal, disciplinary or other proceeding and can be based on a wrong allegedly committed by the lawyer against the client or on a wrong alleged by a third person, for example, a person claiming to have been defrauded by the lawyer and client acting together. The lawyer's right to respond arises when an assertion of such complicity has been made. Paragraph (b)(5) does not require the lawyer to await the commencement of an action or proceeding that charges such complicity, so that the defense may be established by responding directly to a third party who has made such an assertion. The right to defend also applies, of course, where a proceeding has been commenced.

[11] A lawyer entitled to a fee is permitted by paragraph (b)(5) to prove the services rendered in an action to collect it. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary.

[12] Other law may require that a lawyer disclose information about a client. Whether such a law supersedes Rule 1.6 is a question of law beyond the scope of these Rules. When disclosure of information relating to the representation appears to be required by other law, the lawyer must discuss the matter with the client to the extent required by Rule 1.4. If, however, the other law supersedes this Rule and requires disclosure, paragraph (b)(6) permits the lawyer to make such disclosures as are necessary to comply with the law.

[13] A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all non-frivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4. Unless review is sought, however, paragraph (b)(6) permits the lawyer to comply with the court's order.

[14] Paragraph (b) permits disclosure only to the extent the lawyer reasonably believes the disclosure is necessary to accomplish one of the purposes specified. Where practicable, the lawyer should first seek to persuade the client to take suitable action to obviate the need for disclosure. In any case, a disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose. If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.

[15] Paragraph (b) permits but does not require the disclosure of information relating to a client's representation to accomplish the purposes specified in paragraphs (b)(1) through (b)(6). In exercising the discretion conferred by this Rule, the lawyer may consider such factors as the nature of the lawyer's relationship with the client and with those who might be injured by the client, the lawyer's own involvement in the transaction and factors that may extenuate the conduct in question. A lawyer's decision not to disclose as permitted by paragraph (b) does not violate this Rule. Disclosure may be required, however, by other Rules. Some Rules require disclosure only if such disclosure would be permitted by paragraph (b). See Rules 1.2(d), 4.1(b), 8.1 and 8.3. Rule 3.3, on the other hand, requires disclosure in some circumstances regardless of whether such disclosure is permitted by this Rule. See Rule 3.3(c).

Acting Competently Reasonably to Preserve Confidentiality

[16] Paragraph (c) requires a A lawyer must to act competently reasonably to safeguard information relating to the representation of a client against inadvertent or unauthorized disclosure by the lawyer or other persons who are participating in the representation of the client or who are subject to the lawyer's supervision. See Rules 1.1, 5.1, and 5.3. The unauthorized access to, or the inadvertent or unauthorized disclosure of, information relating to the representation of a client does not constitute a violation of paragraph (c) if the lawyer has made reasonable efforts to prevent the access or disclosure. Factors to be considered in determining the reasonableness of the lawyer's efforts include, but are not limited to, the sensitivity of the information, the likelihood of disclosure if additional safeguards are not employed, the cost of employing additional safeguards, the difficulty of implementing the safeguards, and the extent to which the safeguards adversely affect the lawyer's ability to represent clients (e.g., by making a device or important piece of software excessively difficult to use). A client may require the lawyer to implement special security measures not required by this Rule or may give informed consent to forgo security measures that would otherwise be required by this Rule. Whether a lawyer may be required to take additional steps to safeguard a client's information in order to comply with other law, such as state and federal laws that govern date privacy or that impose notification requirements upon the loss of, or unauthorized access to, electronic information, is beyond the scope of these Rules. For a lawyer's duties when sharing information with nonlawyers outside the lawyer's own firm, see Rule 5.3, Comments [3] -[4].

[17] When transmitting a communication that includes information relating to the representation of a client, the lawyer must take reasonable precautions to prevent the information from coming into the hands of unintended recipients. This duty, however, does not require that the lawyer use special security measures if the method of communication affords a reasonable expectation of privacy. Special circumstances, however, may warrant special precautions. Factors to be considered in determining the reasonableness of the lawyer's expectation of confidentiality include the sensitivity of the information and the extent to which privacy of the communication is protected by law or by a confidentiality agreement. A client may require the lawyer to implement special security measures not required by this Rule or may give informed consent to the use of a means of communication that would otherwise be prohibited by this Rule. Whether a lawyer may be required to take additional steps in order to comply with other law, such as state and federal laws that govern data privacy, is beyond the scope of these Rules.

Former Client

[18] The duty of confidentiality continues after the client-lawyer relationship has terminated. See Rule 1.9(c)(2). See Rule 1.9(c)(1) for the prohibition against using such information to the disadvantage of the former client.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Transactions with Persons Other than Clients
Rule 4.4. Respect For Rights Of Third Persons

(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

(b) A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.

Comment
[1] Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship.

[2] Paragraph (b) recognizes that lawyers sometimes receive a documents or electronically stored information that were was mistakenly sent or produced by opposing parties or their lawyers. A document or electronically stored information is inadvertently sent when it is accidentally transmitted, such as when an email or letter is misaddressed or a document or electronically stored information is accidentally included with information that was intentionally transmitted. If a lawyer knows or reasonably should know that such a document was sent inadvertently, then this Rule requires the lawyer to promptly notify the sender in order to permit that person to take protective measures. Whether the lawyer is required to take additional steps, such as returning the document or electronically stored information original document, is a matter of law beyond the scope of these Rules, as is the question of whether the privileged status of a document or electronically stored information has been waived. Similarly, this Rule does not address the legal duties of a lawyer who receives a document or electronically stored information that the lawyer knows or reasonably should know may have been wrongfully inappropriately obtained by the sending person. For purposes of this Rule, "document or electronically stored information" includes, in addition to paper documents, email and other forms of electronically stored information, including embedded data (commonly referred to as "metadata"), that is e-mail or other electronic modes of transmission subject to being read or put into readable form. Metadata in electronic documents creates an obligation under this Rule only if the receiving lawyer knows or reasonably should know that the metadata was inadvertently sent to the receiving lawyer.

[3] Some lawyers may choose to return a document or delete electronically stored information unread, for example, when the lawyer learns before receiving it the document that it was inadvertently sent to the wrong address. Where a lawyer is not required by applicable law to do so, the decision to voluntarily return such a document or delete electronically stored information is a matter of professional judgment ordinarily reserved to the lawyer. See Rules 1.2 and 1.4.

 

 

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Rule 1.0. Terminology

(a) "Belief" or "Believes" denotes that the person involved actually supposed the fact in question to be true. A person's belief may be inferred from circumstances.

(b) "Confirmed in writing," when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent. See paragraph (e) for the definition of "informed consent." If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

(c) "Firm" or "Law firm" denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization.

(d) "Fraud" or "Fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive.

(e) "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

(f) "Knowingly," "Known," or "Knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

(g) "Partner" denotes a member of a partnership, a shareholder in a law firm organized as a professional corporation, or a member of an association authorized to practice law.

(h) "Reasonable" or "Reasonably" when used in relation to conduct by a lawyer denotes the conduct of a reasonably prudent and competent lawyer.

(i) "Reasonable belief" or "Reasonably believes" when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

(j) "Reasonably should know" when used in reference to a lawyer denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

(k) "Screened" denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

(l) "Substantial" when used in reference to degree or extent denotes a material matter of clear and weighty importance.

(m) "Tribunal" denotes a court, an arbitrator in a binding arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.

(n) "Writing" or "written" denotes a tangible or electronic record of a communication or representation, including handwriting, typewriting, printing, photostating, photography, audio or video recording and electronic communications. A "signed" writing includes an electronic sound, symbol or process attached to or logically associated with a writing and executed or adopted by a person with the intent to sign the writing.

Comment
Confirmed in Writing

[1] If it is not feasible to obtain or transmit a written confirmation at the time the client gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter. If a lawyer has obtained a client's informed consent, the lawyer may act in reliance on that consent so long as it is confirmed in writing within a reasonable time thereafter.

Firm
[2] Whether two or more lawyers constitute a firm within paragraph (c) can depend on the specific facts. For example, two practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a firm. However, if they present themselves to the public in a way that suggests that they are a firm or conduct themselves as a firm, they should be regarded as a firm for purposes of the Rules. The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm, as is the fact that they have mutual access to information concerning the clients they serve. Furthermore, it is relevant in doubtful cases to consider the underlying purpose of the Rule that is involved. A group of lawyers could be regarded as a firm for purposes of the Rule that the same lawyer should not represent opposing parties in litigation, while it might not be so regarded for purposes of the Rule that information acquired by one lawyer is attributed to another.

[3] With respect to the law department of an organization, including the government, there is ordinarily no question that the members of the department constitute a firm within the meaning of the Rules of Professional Conduct. There can be uncertainty, however, as to the identity of the client. For example, it may not be clear whether the law department of a corporation represents a subsidiary or an affiliated corporation, as well as the corporation by which the members of the department are directly employed. A similar question can arise concerning an unincorporated association and its local affiliates.

[4] Similar questions can also arise with respect to lawyers in legal aid and legal services organizations. Depending upon the structure of the organization, the entire organization or different components of it may constitute a firm or firms for purposes of these Rules.

Fraud
[5] When used in these Rules, the terms "fraud" or "fraudulent" refer to conduct that is characterized as such under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive. This does not include merely negligent misrepresentation or negligent failure to apprise another of relevant information. For purposes of these Rules, it is not necessary that anyone has suffered damages or relied on the misrepresentation or failure to inform.

Informed Consent

[6] Many of the Rules of Professional Conduct require the lawyer to obtain the informed consent of a client or other person (e.g., a former client or, under certain circumstances, a prospective client) before accepting or continuing representation or pursuing a course of conduct. See, e.g., Rules 1.2(c), 1.6(a) and 1.7(b). The communication necessary to obtain such consent will vary according to the Rule involved and the circumstances giving rise to the need to obtain informed consent. The lawyer must make reasonable efforts to ensure that the client or other person possesses information reasonably adequate to make an informed decision. Ordinarily, this will require communication that includes a disclosure of the facts and circumstances giving rise to the situation, any explanation reasonably necessary to inform the client or other person of the material advantages and disadvantages of the proposed course of conduct and a discussion of the client's or other person's options and alternatives. In some circumstances it may be appropriate for a lawyer to advise a client or other person to seek the advice of other counsel. A lawyer need not inform a client or other person of facts or implications already known to the client or other person; nevertheless, a lawyer who does not personally inform the client or other person assumes the risk that the client or other person is inadequately informed and the consent is invalid. In determining whether the information and explanation provided are reasonably adequate, relevant factors include whether the client or other person is experienced in legal matters generally and in making decisions of the type involved, and whether the client or other person is independently represented by other counsel in giving the consent. Normally, such persons need less information and explanation than others, and generally a client or other person who is independently represented by other counsel in giving the consent should be assumed to have given informed consent.

[7] Obtaining informed consent will usually require an affirmative response by the client or other person. In general, a lawyer may not assume consent from a client's or other person's silence. Consent may be inferred, however, from the conduct of a client or other person who has reasonably adequate information about the matter. A number of Rules require that a person's consent be confirmed in writing. See Rules 1.7(b) and 1.9(a). For a definition of "writing" and "confirmed in writing," see paragraphs (n) and (b). Other Rules require that a client's consent be obtained in a writing signed by the client. See, e.g., Rules 1.8(a) and (g). For a definition of "signed," see paragraph (n).

Screened

[8] This definition applies to situations where screening of a personally disqualified lawyer is permitted to remove imputation of a conflict of interest under Rules 1.11, 1.12 or 1.18.

[9] The purpose of screening is to assure the affected parties that confidential information known by the personally disqualified lawyer remains protected. The personally disqualified lawyer should acknowledge the obligation not to communicate with any of the other lawyers in the firm with respect to the matter. Similarly, other lawyers in the firm who are working on the matter should be informed that the screening is in place and that they may not communicate with the personally disqualified lawyer with respect to the matter. Additional screening measures that are appropriate for the particular matter will depend on the circumstances. To implement, reinforce and remind all affected lawyers of the presence of the screening, it may be appropriate for the firm to undertake such procedures as a written undertaking by the screened lawyer to avoid any communication with other firm personnel and any contact with any firm files or other information, including information in electronic form, relating to the matter, written notice and instructions to all other firm personnel forbidding any communication with the screened lawyer relating to the matter, denial of access by the screened lawyer to firm files or other information, including information in electronic form, relating to the matter, and periodic reminders of the screen to the screened lawyer and all other firm personnel.

[10] In order to be effective, screening measures must be implemented as soon as practical after a lawyer or law firm knows or reasonably should know that there is a need for screening.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Client-Lawyer Relationship
Rule 1.1. Competence.

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

Comments

Legal Knowledge and Skill.

[1] In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question. In many instances, the required proficiency is that of a general practitioner. Expertise in a particular field of law may be required in some circumstances.

[2] A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar. A newly admitted lawyer can be as competent as a practitioner with long experience. Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems. Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge. A lawyer can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through the association of a lawyer of established competence in the field in question.

[3] In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or consultation or association with another lawyer would be impractical. Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill- considered action under emergency conditions can jeopardize the client's interest.

[4] A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation. This applies as well to a lawyer who is appointed as counsel for an unrepresented person. See also Rule 6.2.

Thoroughness and Preparation. 

[5] Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence. An agreement between the lawyer and the client regarding the scope of the representation may limit the matters for which the lawyer is responsible. See Rule 1.2(c).

Maintaining Competence.

[6] To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education and comply with all continuing legal education requirements to which the lawyer is subject, including the benefits and risks associated with relevant technology.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Client-Lawyer Relationship
Rule 1.4. Communication

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Comment
[1] Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation.

Communicating with Client

[2] If these Rules require that a particular decision about the representation be made by the client, paragraph (a)(1) requires that the lawyer promptly consult with and secure the client's consent prior to taking action unless prior discussions with the client have resolved what action the client wants the lawyer to take. For example, a lawyer who receives from opposing counsel an offer of settlement in a civil controversy or a proffered plea bargain in a criminal case must promptly inform the client of its substance unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer. See Rule 1.2(a).

[3] Paragraph (a)(2) requires the lawyer to reasonably consult with the client about the means to be used to accomplish the client's objectives. In some situations -- depending on both the importance of the action under consideration and the feasibility of consulting with the client -- this duty will require consultation prior to taking action. In other circumstances, such as during a trial when an immediate decision must be made, the exigency of the situation may require the lawyer to act without prior consultation. In such cases the lawyer must nonetheless act reasonably to inform the client of actions the lawyer has taken on the client's behalf. Additionally, paragraph (a)(3) requires that the lawyer keep the client reasonably informed about the status of the matter, such as significant developments affecting the timing or the substance of the representation.

[4] A lawyer's regular communication with clients will minimize the occasions on which a client will need to request information concerning the representation. When a client makes a reasonable request for information, however, paragraph (a)(4) requires prompt compliance with the request, or if a prompt response is not feasible, that the lawyer, or a member of the lawyer's staff, acknowledge receipt of the request and advise the client when a response may be expected. A lawyer should promptly respond to or acknowledge client communications.

Explaining Matters

[5] The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so. Adequacy of communication depends in part on the kind of advice or assistance that is involved. For example, when there is time to explain a proposal made in a negotiation, the lawyer should review all important provisions with the client before proceeding to an agreement. In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that are likely to result in significant expense or to injure or coerce others. On the other hand, a lawyer ordinarily will not be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interests, and the client's overall requirements as to the character of representation. In certain circumstances, such as when a lawyer asks a client to consent to a representation affected by a conflict of interest, the client must give informed consent, as defined in Rule 1.0(e).

[6] Ordinarily, the information to be provided is that appropriate for a client who is a comprehending and responsible adult. However, fully informing the client according to this standard may be impracticable, for example, where the client is a child or suffers from diminished capacity. See Rule 1.14. When the client is an organization or group, it is often impossible or inappropriate to inform every one of its members about its legal affairs; ordinarily, the lawyer should address communications to the appropriate officials of the organization. See Rule 1.13. Where many routine matters are involved, a system of limited or occasional reporting may be arranged with the client.

Withholding Information 

[7] In some circumstances, a lawyer may be justified in delaying transmission of information when the client would be likely to react imprudently to an immediate communication. Thus, a lawyer might withhold a psychiatric diagnosis of a client when the examining psychiatrist indicates that disclosure would harm the client. A lawyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person. Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Rule 3.4(c) directs compliance with such rules or orders.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Client-Lawyer Relationship
Rule 1.6. Confidentiality of Information

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;

(2) to prevent the client from committing:

(i) a crime; or
(ii) a fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;

(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services, provided that the lawyer has first made reasonable efforts to contact the client so that the client can rectify such criminal or fraudulent act, but the lawyer has been unable to do so, or the lawyer has contacted the client and called upon the client to rectify such criminal or fraudulent act and the client has refused or has been unable to do so;

(4) to secure legal advice about the lawyer's compliance with these Rules;

(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(6) as permitted or required to comply with these Rules, other law or a court order.

(c ) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

Comment
[1] This Rule governs the disclosure by a lawyer of information relating to the representation of a client during the lawyer's representation of the client. See Rule 1.18 for the lawyer's duties with respect to information provided to the lawyer by a prospective client, Rule 1.9(c)(2) for the lawyer's duty to not reveal information relating to the lawyer's prior representation of a former client and Rules 1.8(b) and 1.9(c)(1) for the lawyer's duties with respect to the use of such information to the disadvantage of clients and former clients.

[2] A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation. See Rule 1.0(e) for the definition of informed consent. This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex maze of law and regulations deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld.

[3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.

[4] Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person. A lawyer's use of a hypothetical to discuss issues relating to the representation is permissible so long as there is no reasonable likelihood that the listener will be able to ascertain the identity of the client or the situation involved.

[4A] The requirement of maintaining confidentiality of information relating to representation applies to government lawyers who may disagree with the policy goals that their representation is designed to advance.

Authorized Disclosure

[5] Except to the extent that the client's instructions or special circumstances limit the authority, a lawyer is impliedly authorized to make disclosures about a client when appropriate in carrying out the representation. In some situations, for example, a lawyer may be impliedly authorized to admit a fact that cannot properly be disputed or to make, a disclosure that facilitates a satisfactory conclusion to a matter. Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers.

Disclosure Adverse to Client 

[6] Although the public interest is usually best served by a strict rule requiring lawyers to preserve the confidentiality of information relating to the representation of their clients, the confidentiality rule is subject to limited exceptions. Paragraph (b)(1) recognizes the overriding value of life and physical integrity and permits disclosure reasonably necessary to prevent reasonably certain death or substantial bodily harm. Such harm is reasonably certain to occur if it will be suffered imminently or if there is a present and substantial threat that a person will suffer such harm at a later date if the lawyer fails to take action necessary to eliminate the threat. Thus, a lawyer who knows that a client has accidentally discharged toxic waste into a town's water supply may reveal this information to the authorities if there is a present and substantial risk that a person who drinks the water will contract a life-threatening disease or debilitating disease and the lawyer's disclosure is necessary to eliminate the threat or reduce the number of victims.

[7] Paragraph (b)(2) is a limited exception to the rule of confidentiality that permits the lawyer to reveal information to the extent necessary to enable affected persons or appropriate authorities to prevent the client from committing any crime, or a fraud as defined in Rule 1.0(d) that is reasonably certain to result in substantial injury to the financial or property interests of another and in furtherance of which the client has used or is using the lawyer's services. Such a serious abuse of the client-lawyer relationship by the client forfeits the protection of this Rule. The client can, of course, prevent such disclosure by refraining from the wrongful conduct. Although paragraph (b)(2) does not require the lawyer to reveal the client's misconduct, the lawyer may not counsel or assist the client in conduct the lawyer knows is criminal or fraudulent. See Rule 1.2(d). See also Rule 1.16 with respect to the lawyer's obligation or right to withdraw from the representation of the client in such circumstances, and Rule 1.13(c), which permits the lawyer, where the client is an organization, to reveal information relating to the representation in limited circumstances.

[8] Paragraph (b)(3) addresses the situation in which the lawyer does not learn of the client's crime or fraud until after it has been consummated. Although the client no longer has the option of preventing disclosure by refraining from the wrongful conduct, there will be situations in which the loss suffered by the affected person can be prevented, rectified or mitigated. In such situations, the lawyer may disclose information relating to the representation to the extent necessary to enable the affected persons to prevent or mitigate reasonably certain losses or to attempt to recoup their losses. Paragraph (b)(3) does not apply when a person who has committed a crime or fraud thereafter employs a lawyer for representation concerning that offense.

[8A] Before using or disclosing confidential information under paragraph (b)(3), the lawyer should, if practicable, inform the client of the lawyer's ability to use or disclose information as provided in this Rule and the consequences thereof. The exercise of the lawyer's discretion should be guided by the potential for rectification of the consequences of the client's criminal or fraudulent conduct, and not considerations relating to the lawyer's personal interests or professional reputation.

[9] A lawyer's confidentiality obligations do not preclude a lawyer from securing confidential legal advice about the lawyer's personal responsibility to comply with these Rules. In most situations, disclosing information to secure such advice will be impliedly authorized for the lawyer to carry out the representation. Even when the disclosure is not impliedly authorized, paragraph (b)(4) permits such disclosure because of the importance of a lawyer's compliance with the Rules of Professional Conduct.

[10] Where a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client. Such a charge can arise in a civil, criminal, disciplinary or other proceeding and can be based on a wrong allegedly committed by the lawyer against the client or on a wrong alleged by a third person, for example, a person claiming to have been defrauded by the lawyer and client acting together. The lawyer's right to respond arises when an assertion of such complicity has been made. Paragraph (b)(5) does not require the lawyer to await the commencement of an action or proceeding that charges such complicity, so that the defense may be established by responding directly to a third party who has made such an assertion. The right to defend also applies, of course, where a proceeding has been commenced.

[11] A lawyer entitled to a fee is permitted by paragraph (b)(5) to prove the services rendered in an action to collect it. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary.

[12] Other law may require that a lawyer disclose information about a client. Whether such a law supersedes Rule 1.6 is a question of law beyond the scope of these Rules. When disclosure of information relating to the representation appears to be required by other law, the lawyer must discuss the matter with the client to the extent required by Rule 1.4. If, however, the other law supersedes this Rule and requires disclosure, paragraph (b)(6) permits the lawyer to make such disclosures as are necessary to comply with the law.

[13] A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all non-frivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4. Unless review is sought, however, paragraph (b)(6) permits the lawyer to comply with the court's order.

[14] Paragraph (b) permits disclosure only to the extent the lawyer reasonably believes the disclosure is necessary to accomplish one of the purposes specified. Where practicable, the lawyer should first seek to persuade the client to take suitable action to obviate the need for disclosure. In any case, a disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose. If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.

[15] Paragraph (b) permits but does not require the disclosure of information relating to a client's representation to accomplish the purposes specified in paragraphs (b)(1) through (b)(6). In exercising the discretion conferred by this Rule, the lawyer may consider such factors as the nature of the lawyer's relationship with the client and with those who might be injured by the client, the lawyer's own involvement in the transaction and factors that may extenuate the conduct in question. A lawyer's decision not to disclose as permitted by paragraph (b) does not violate this Rule. Disclosure may be required, however, by other Rules. Some Rules require disclosure only if such disclosure would be permitted by paragraph (b). See Rules 1.2(d), 4.1(b), 8.1 and 8.3. Rule 3.3, on the other hand, requires disclosure in some circumstances regardless of whether such disclosure is permitted by this Rule. See Rule 3.3(c).

Acting Reasonably to Preserve Confidentiality

[16] Paragraph (c) requires a lawyer to act reasonably to safeguard information relating to the representation of a client against inadvertent or unauthorized disclosure by the lawyer or other persons who are participating in the representation of the client or who are subject to the lawyer's supervision. See Rules 1.1, 5.1, and 5.3. The unauthorized access to, or the inadvertent or unauthorized disclosure of, information relating to the representation of a client does not constitute a violation of paragraph (c) if the lawyer has made reasonable efforts to prevent the access or disclosure. Factors to be considered in determining the reasonableness of the lawyer's efforts include, but are not limited to, the sensitivity of the information, the likelihood of disclosure if additional safeguards are not employed, the cost of employing additional safeguards, the difficulty of implementing the safeguards, and the extent to which the safeguards adversely affect the lawyer's ability to represent clients (e.g., by making a device or important piece of software excessively difficult to use). A client may require the lawyer to implement special security measures not required by this Rule or may give informed consent to forgo security measures that would otherwise be required by this Rule. Whether a lawyer may be required to take additional steps to safeguard a client's information in order to comply with other law, such as state and federal laws that govern date privacy or that impose notification requirements upon the loss of, or unauthorized access to, electronic information, is beyond the scope of these Rules. For a lawyer's duties when sharing information with nonlawyers outside the lawyer's own firm, see Rule 5.3, Comments [3] -[4].

[17] When transmitting a communication that includes information relating to the representation of a client, the lawyer must take reasonable precautions to prevent the information from coming into the hands of unintended recipients. This duty, however, does not require that the lawyer use special security measures if the method of communication affords a reasonable expectation of privacy. Special circumstances, however, may warrant special precautions. Factors to be considered in determining the reasonableness of the lawyer's expectation of confidentiality include the sensitivity of the information and the extent to which privacy of the communication is protected by law or by a confidentiality agreement. A client may require the lawyer to implement special security measures not required by this Rule or may give informed consent to the use of a means of communication that would otherwise be prohibited by this Rule. Whether a lawyer may be required to take additional steps in order to comply with other law, such as state and federal laws that govern data privacy, is beyond the scope of these Rules.

Former Client

[18] The duty of confidentiality continues after the client-lawyer relationship has terminated. See Rule 1.9(c)(2). See Rule 1.9(c)(1) for the prohibition against using such information to the disadvantage of the former client.

Oklahoma Rules of Professional Conduct
Chapter 1, App. 3-A
Transactions with Persons Other than Clients
Rule 4.4. Respect For Rights Of Third Persons

(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

(b) A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.

Comment
[1] Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship.

[2] Paragraph (b) recognizes that lawyers sometimes receive a documents or electronically stored information that were was mistakenly sent or produced by opposing parties or their lawyers. A document or electronically stored information is inadvertently sent when it is accidentally transmitted, such as when an email or letter is misaddressed or a document or electronically stored information is accidentally included with information that was intentionally transmitted. If a lawyer knows or reasonably should know that such a document was sent inadvertently, then this Rule requires the lawyer to promptly notify the sender in order to permit that person to take protective measures. Whether the lawyer is required to take additional steps, such as returning the document or electronically stored information original document, is a matter of law beyond the scope of these Rules, as is the question of whether the privileged status of a document or electronically stored information has been waived. Similarly, this Rule does not address the legal duties of a lawyer who receives a document or electronically stored information that the lawyer knows or reasonably should know may have been wrongfully inappropriately obtained by the sending person. For purposes of this Rule, "document or electronically stored information" includes, in addition to paper documents, email and other forms of electronically stored information, including embedded data (commonly referred to as "metadata"), that is e-mail or other electronic modes of transmission subject to being read or put into readable form. Metadata in electronic documents creates an obligation under this Rule only if the receiving lawyer knows or reasonably should know that the metadata was inadvertently sent to the receiving lawyer.

[3] Some lawyers may choose to return a document or delete electronically stored information unread, for example, when the lawyer learns before receiving it the document that it was inadvertently sent to the wrong address. Where a lawyer is not required by applicable law to do so, the decision to voluntarily return such a document or delete electronically stored information is a matter of professional judgment ordinarily reserved to the lawyer. See Rules 1.2 and 1.4.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Title 5. Attorneys and the State Bar
 Cite
Name
Level

 5 O.S. Rule 1.0, Terminology
Cited
 5 O.S. Rule 1.1, Competence
Cited
 5 O.S. Rule 1.4, Communication
Cited
 5 O.S. Rule 1.6, Confidentiality of Information
Cited
 5 O.S. Rule 4.4, Respect for Rights of Third Persons
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.